J-A10027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUSTIN EADDY | : | |
| | : | |
| Appellant | : | No. 1063 EDA 2022 |

Appeal from the PCRA Order Entered March 10, 2022
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001537-2016

BEFORE: PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED NOVEMBER 20, 2023**

Austin Eaddy brings this appeal from the dismissal of his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546, as untimely. After careful review, we affirm.

Given that we ultimately conclude the PCRA court was correct in finding it did not have jurisdiction to entertain Eaddy's petition due to the PCRA's time bar, an extensive recitation of the factual background is unnecessary. The evidence supporting Eaddy's convictions can be summarized as follows. In the spring of 2016, Eaddy and Victim were both students at West Chester University. At approximately 2:00 a.m. on April 1, 2016, Victim, who drank a significant amount of alcohol that evening, met Eaddy for the first time on the

_____

[*] Former Justice specially assigned to the Superior Court.

street. Video surveillance footage shows the two walked across campus together, and eventually entered a parking garage, however, Victim did not recall entering the garage. Once inside the parking garage, Victim handed Eaddy a phone, which Eaddy put into his pocket. The surveillance video also shows the two kissing and engaging in other intimacies by the garage doors, and they then moved to a space between two parked cars. Victim's recollection returned when she was on her knees being forced to perform oral sex. Eaddy then pinned Victim to a car.

An independent witness, who was also a student at West Chester University, entered the parking garage looking for her vehicle. The witness did not know either Eaddy or Victim before the incident. The witness then heard a distressed female voice asking for her phone. According to the witness, she saw Eaddy standing in front of Victim, who was on her back on the hood of a car with her pants down. When the witness asked what was going on, Eaddy stated, "[O]h shit," and ran. Victim left in a different direction, crying, and pulling up her pants. The witness walked with Victim to their mutual residence hall. A security guard noticed that Victim's knee was bleeding and called university police. Victim told the guard she was sexually assaulted. Eaddy fled campus, and eventually turned himself in.

In July 2017, a jury found Eaddy guilty of two counts of attempted rape and one count of indecent assault.[1] The jury acquitted Eaddy of nine sexual offenses and one count of theft related to the Victim's phone. On October 25, 2017, the trial court sentenced Eaddy to serve a term of incarceration of four to ten years. In addition, the trial court determined that Eaddy was not a sexually violent predator and ordered him to register as a tier-three sexual offender.

Eaddy took a direct appeal, and on October 17, 2019, this Court affirmed his judgment of sentence.[2] **Commonwealth v. Eaddy**, 3869 EDA 2017, 222 A.3d 838 (non-precedential decision) (Pa. Super. filed October 17, 2019). Eaddy did not file a petition for allowance of appeal with our Supreme Court.

On September 15, 2021, Eaddy filed the instant PCRA petition, and the Commonwealth filed an answer. On January 31, 2022, pursuant to Pa.R.Crim.P. 907, the PCRA court issued notice of intent to dismiss the petition, indicating, among other reasons, that the PCRA petition was untimely. Eaddy filed a response. On March 10, 2022, the PCRA court entered an order dismissing the petition. This timely appeal followed.

---

[1] 18 Pa.C.S.A. §§ 903 & 3121(a)(1) (attempted rape by threat of forcible compulsion), 3121(a)(2) (attempted rape by threat of forcible compulsion); and 18 Pa.C.S.A. § 3126(a)(1) (indecent assault—without consent), respectively.

[2] We note that the panel also vacated, as illegal, the portion of the sentence directing Eaddy to pay restitution for the replacement of the cell phone.

For our review, Eaddy asserts claims of ineffective assistance of PCRA counsel. Initially, he contends that PCRA counsel was ineffective for failing to file a timely PCRA petition. **See** Appellant's Brief at 4. In addition, he alleges PCRA counsel improperly failed to raise meritorious claims of prior counsels' ineffectiveness. **See id**.

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **See Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See id**.

A PCRA petition must be filed within one year of the date that the judgment of sentence became final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature and goes to a court's right or competency to adjudicate a controversy. **See Commonwealth v. Robinson,** 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Our review of the record reflects the trial court imposed Eaddy's judgment of sentence on October 25, 2017, and this Court affirmed the judgment of sentence on October 17, 2019. It is undisputed that Eaddy did

not seek review in the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final November 18, 2019,[3] thirty days after we affirmed the judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Eaddy did not file this PCRA petition until September 15, 2021. Therefore, the PCRA petition is patently untimely, and we lack jurisdiction to consider its merits unless he pleaded and proved a timeliness exception.

Section 9545 of the PCRA provides three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. *See id*. A PCRA petition invoking one of these statutory exceptions must be filed within the time constraints set forth at 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) (citation omitted).

---

[3] We observe that Eaddy needed to file his petition for allowance of appeal on or before Monday, November 18, 2019, because November 16, 2019, was a Saturday. *See* 1 Pa.C.S.A. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

Our review of the record reflects that Eaddy did not specifically raise the issue of timeliness and did not plead any exception to the timeliness requirement in his PCRA petition. *See* PCRA Petition, 9/15/21, Record Entry 6. The record further reveals that in its Rule 907 notice, the PCRA court addressed the question of timeliness and determined that the PCRA petition was untimely and the court was without jurisdiction to conduct review. *See* Pa.R.Crim.P. 907 Notice, 1/31/22.

Eaddy filed a response to the PCRA court's Rule 907 notice, which alleged that while his direct appeal was pending, Eaddy and his family planned for new counsel, Attorney Norris Gelman, to handle an appeal to the Pennsylvania Supreme Court and a possible PCRA petition. *See* Response to Rule 907 Notice, 2/20/22, at 1, ¶4. Eaddy further alleged that after this Court decided his appeal in October 2019, the "family relied on Mr. Gelman to timely effectuate the" allocatur. *Id*. at 2, ¶5. As previously discussed, any petition for allowance of appeal to our Supreme Court needed to be filed on or before November 18, 2019. However, the response to the Rule 907 notice alleged that "[t]he family then had difficulty reaching Mr. Gelman." *Id*. Eaddy explained "[t]he family attempted to contact Mr. Gelman on many occasions but was unsuccessful. The family did not know why but ultimately discovered, in September of 2020, that Mr. Gelman had passed away [in May of 2020]." *Id*. Attorney Gelman did not file a petition for allowance of appeal on Eaddy's behalf, which was due six months before his passing. *See id*. at 2, ¶6.

Of import is the fact that the record bears no indication that Mr. Gelman entered his appearance in this matter or was retained by Eaddy. Rather, the response to the Rule 907 notice states that PCRA counsel, Attorney Margeaux Cigianero, "was retained on September 18, 2020." *Id*. at 2, ¶7. Consequently, newly-retained PCRA counsel had two months before the November 18, 2020 PCRA deadline in which to file a timely PCRA petition. As previously mentioned, the PCRA petition was filed on September 15, 2021, one year after the family discovered Mr. Gelman's death and one year after PCRA counsel was retained. *See id*. at 2, ¶8. Regarding timeliness of the PCRA petition, Eaddy reasoned that "[t]he untimely death of [Attorney Gelman] and the lack of notice given to the family until [e]arly September 2020 should allow this PCRA petition to be considered timely filed." *Id*. at 2, ¶9. Nevertheless, on March 10, 2022, the PCRA court entered an order dismissing Eaddy's PCRA petition as untimely. *See* Order, 3/10/22, at 2, n.1.

On appeal, Eaddy obtained new counsel and has abandoned his previous claim that the PCRA petition should be considered timely filed. Now, in his appellate brief, Eaddy acknowledges that the PCRA petition is untimely, but argues that PCRA counsel's untimely filing constituted ineffectiveness *per se*. *See* Appellant's Brief at 21-24. Eaddy posits that "PCRA counsel's critical error in filing [Eaddy's] petition on September [15], 2021, well after the expiration of his one-year period to file, entitles Eaddy to relief in itself." *Id*. at 23. Eaddy notes that, pursuant to ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa.

2021), he is raising PCRA counsel's ineffectiveness at the first opportunity. **See** Appellant's Brief at 5. However, **Bradley** does not specifically provide Eaddy the relief he seeks: the opportunity to raise PCRA counsel's ineffectiveness during an appeal to satisfy a timeliness exception to the PCRA filing restrictions.

The **Bradley** Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Bradley**, 261 A.3d at 401 (footnote omitted). However, in **Bradley**, the PCRA petition was timely filed. **See id**. at 384. As discussed, that is not true here.

Importantly, **Bradley** does not stand for the proposition that a PCRA petitioner can raise PCRA counsel's ineffective assistance for the first time on appeal in an attempt to satisfy the new-fact exception to the PCRA time bar. As the Court in **Bradley** noted, "We decline to adopt the approach … that would deem a petitioner's 'discovery' of initial PCRA counsel's ineffective assistance to constitute a 'previously unknown fact' that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the 'previously unknown fact' exception. **See** 42 Pa.C.S. § 9545(b)(1)(ii). We have repeatedly rejected such an understanding of the 'new fact' exception to the PCRA's one-year time bar." **Bradley**, 261 A.3d at 404 n.18.

- 8 -

It is undisputed that Eaddy's PCRA petition was untimely filed, which implicates the PCRA court's and this Court's jurisdiction. *See Robinson*, 837 A.2d at 1161. To circumvent the untimeliness of the petition, appellate PCRA counsel has, for the first time, raised PCRA counsel's ineffectiveness for failing to timely file the petition. However, such claims in themselves have been held not to establish the "previously unknown fact" exception to the PCRA's time restrictions. *See Bradley*, 261 A.3d at 404 n.18. Therefore, because no exceptions to the PCRA's time bar apply, we lack jurisdiction to address the merits of Eaddy's PCRA petition. *See Robinson*.

We further observe that Eaddy has relied upon our Supreme Court's decision in *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018), for the overarching proposition that PCRA counsel's failure to file the PCRA petition within the statutory timeframe amounts to ineffectiveness *per se*, which essentially entitles him to relief under the "previously unknown facts" exception. *See* Appellant's Brief at 22-23. While *Peterson* may provide Eaddy an avenue to invoke an exception to the PCRA timeliness requirement, we are constrained to conclude that such relief is not available at the current procedural juncture of this case.

In *Peterson*, due to PCRA counsel's miscalculation, the appellant filed a first PCRA petition that was untimely by one day. *See Peterson*, 192 A.3d at 1125. The PCRA court denied relief on the merits, but on appeal, this Court affirmed on the alternative basis that Peterson's PCRA petition was untimely.

*See Commonwealth v. Peterson*, 538 WDA 2014 (Pa. Super. filed January 30, 2015) (unpublished memorandum). Peterson then filed a second PCRA petition seeking reinstatement of his PCRA appellate rights based on first PCRA counsel's ineffectiveness for filing the first PCRA petition late. *See id*. The PCRA court accepted the second PCRA petition as timely filed under the "previously unknown facts" exception and granted Peterson the right to file a *nunc pro tunc* appeal from his first PCRA petition. *Peterson*, 192 A.3d 1127. This Court consolidated Peterson's *nunc pro tunc* appeal with the Commonwealth's appeal from the order granting *nunc pro tunc* relief and concluded that no exception applied. *See Commonwealth v. Peterson*, 141 WDA 2016, 181 WDA 2016 (Pa. Super. filed September 29, 2016) (unpublished memorandum). As a result, this Court reversed the grant of a *nunc pro tunc* appeal, and dismissed Peterson's appeal as moot. *See id*.

Our Supreme Court reversed, reasoning that, by filing the first PCRA petition late, initial PCRA counsel was ineffective *per se*, "as it completely deprived [the appellant] of any consideration of his collateral claims under the PCRA." *See Peterson*, 192 A.3d at 1130. the Supreme Court concluded that Peterson had successfully invoked the "previously unknown fact" exception to permit the late filing of the second PCRA petition, as the PCRA court had made the necessary factual findings to support the application of the exception. *See id*. at 1132. Specifically, in *Peterson*, the PCRA court made "factual findings that [the appellant] did not know about the untimely filing and could not have

- 10 -

ascertained this fact through the exercise of due diligence." ***See id***. at 1130-1131.

However, unlike the appellant in ***Peterson***, Eaddy has not filed a second PCRA petition, which would have allowed the PCRA court to address the "previously unknown fact" timeliness exception as it pertains to PCRA counsel's late filing. Rather, when the PCRA court dismissed the petition as untimely, it had not been presented with Eaddy's claim that PCRA counsel was ineffective.

While ***Bradley*** arguably allows us to remand to the PCRA court for a hearing on Eaddy's new claims of ineffectiveness, we believe the more appropriate procedure is to affirm the PCRA court's order and permit Eaddy to file a second petition pursuant to ***Peterson***. If we remand on this appeal, the PCRA court could, but is not required to, conclude that Eaddy has satisfied the previously unknown fact exception to the time bar.[4] No matter what decision the PCRA court reached, this Court would then be presented with a wholly different order to review on appeal. And in the event the PCRA court found that Eaddy had established the timeliness exception, a new question would arise: should the PCRA court then automatically address Eaddy's substantive claims that were raised for the first time on appeal?

_____

[4] Under ***Peterson***, the only factual issue that still remains open would be whether Eaddy exercised due diligence in discovering PCRA counsel's ineffectiveness.

- 11 -

These issues are not insurmountable. However, for the sake of procedural transparency and simplicity, we conclude the more appropriate pathway to addressing Eaddy's claims is through a second petition to be addressed through the paradigm established by **Peterson**. Consequently, because the PCRA court correctly interpreted the record and addressed the issues before it, we affirm its order dismissing Eaddy's petition as untimely. This ruling is explicitly dependent on our conclusion that, under **Peterson**, Eaddy has the right to file a second PCRA petition, where he is allowed an opportunity to establish the "previously unknown fact" exception in relation to his clam that PCRA counsel was *per se* ineffective.[5]

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge King did not participate in the consideration or decision of this case.

---

[5] We would be remiss if we did not note that, in Eaddy's response to the PCRA court's Rule 907 notice of intent to dismiss, PCRA counsel stated, "This PCRA was filed on September 15, 2021, within 365 days from the Record Remittal to Chester County Criminal Division." Response to Rule 907 Notice, 2/20/22, at 1, ¶8. This statement reflects a misunderstanding on the part of PCRA counsel concerning the triggering of the PCRA timing deadline.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/20/2023